IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
05 AUG 26 AM 9:55
TX EASTERN-MARSHALL
BY_____

| | |
|---|---|
| ACTIVE ORGANICS, INC., <br><br> Plaintiff, <br><br> v <br><br> IMMANENCE DERMO-INNOVATION INC., <br><br> Defendant. | No.: **2-05CV-408** |

## ORIGINAL COMPLAINT

Plaintiff, Active Organics, Inc. ("Active Organics"), for its Original Complaint alleges as follows:

## NATURE OF THE CASE

1. This is an action for false designation of origin, trade dress infringement, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(a), as well as dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code Ann. § 16.29. Plaintiff seeks equitable relief and damages.

## JURISDICTION AND VENUE

2. Jurisdiction is founded on the existence of a federal question arising under Sections 39 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a), and the Judicial Code, 28 U.S.C. §§ 1331 and 1338. This Court also has jurisdiction over Plaintiff's claims arising out of Defendant's violations of Texas statutory law pursuant to the Court's supplemental jurisdiction as set forth in 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's claims under the Lanham Act that they form part of the same case or controversy under Article

DA-163141 v1

III of the United States Constitution. Furthermore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (d) in that a substantial part of the events giving rise to the claim occurred in this district and Defendant is a foreign corporation.

## THE PARTIES

4. Plaintiff Active Organics, Inc. ("Active Organics") is a Texas corporation with its principal place of business located in Lewisville, Texas. Active Organics is in the business of manufacturing and selling professional skin care and body care products.

5. Defendant Immanence Dermo-Innovation Inc. ("Immanence") is, upon information and belief, a Canadian corporation with its principal place of business in Quebec, Canada. Upon information and belief, Defendant is in the business of manufacturing and selling skin care products.

## FACTS

6. Plaintiff Active Organics manufactures and sells professional skin care and body care products throughout the United States and parts of Canada. Plaintiff sells its products to physicians, including dermatologists, plastic surgeons, and skin care professionals, for resale to their patients.

7. Plaintiff manufactures and sells its skin care and body care products under the trademark name "Actifirm." Actifirm skin care products are packaged in a container configured and imprinted to resemble a syringe. The product is housed in the body portion of the container, which supports a plunger-like actuator. Printed on the container is a notice that the syringe design is the trademark of Active Organics Labs. This syringe design for the Actifirm products constitutes Plaintiff's trade dress ("Trade Dress" or "Active Organics Trade Dress"). A photograph showing the Active Organics Trade Dress is attached hereto as Exhibit A.

8. Plaintiff has invested substantially in the design and creation of the Active Organics Trade Dress. Plaintiff has spent large sums to advertise and promote the Active Organics Trade Dress in connection with the marketing and sale of Actifirm products throughout the United States and Canada.

9. Actifirm skin care products have been advertised in a number of industry and general interest publications, including "Dayspa" magazine, "Flair," and "Spa" (see Exhibit B attached hereto.)

10. Featured articles on Actifirm products bearing the Trade Dress have appeared in publications such as "W" magazine and specifically highlight the unique and distinctive Trade Dress of the Actifirm products. (see Exhibit C attached hereto.)

11. Plaintiff has featured its Actifirm products bearing the Trade Dress in various industry trade shows, including those organized by the American Academy of Dermatology, the Dermatology Nurse's Association, the American Society of Aesthetic Plastic Surgery, the American Society of Plastic Surgery, and the Skin Disease Education Foundation. Plaintiff has promoted its Actifirm products bearing the Trade Dress at tradeshow demonstrations throughout the United States and Canada, including Washington D.C., Orlando, New Orleans, Santa Fe, Philadelphia, New York, and Vancouver. Examples of Plaintiff's trade show demonstrations are attached hereto as Exhibit D.

12. Most recently, Actifirm products bearing the Trade Dress have been highlighted at international expos, including The International Esthetics, Cosmetics, and Spa Conference in Las Vegas, The Dallas Rhinopalsty Symposium, The Baker Gordon Symposium on Cosmetic Surgery in New York City, The Spa & Resort Expo in Los Angeles, and the International Beauty Show in New York City. Plaintiff applies its Trade Dress to a wide range of materials, including those shown in Exhibit E, attached hereto.

13. Since the introduction of Actifirm products in the containers constituting the Trade Dress, the products sold under the Trade Dress have become and are now widely known for their quality and recognized by their distinctive Trade Dress, which has become closely and

universally associated with Plaintiff. The Trade Dress has come to indicate origin with Plaintiff Active Organics. Plaintiff, by virtue of said use of the Trade Dress on its goods, and through its business, has obtained a reputation of the highest quality. The Active Organics Trade Dress has become an invaluable asset to Plaintiff, serving as a symbol of its high-quality goods and of Plaintiff's goodwill and reputation, and serving as a trademark to indicate the origin of goods with Plaintiff.

## DEFENDANT'S UNLAWFUL ACTS

14. Upon information and belief, Defendant Immanence is engaged in the manufacture and sale of skin care products throughout the United States and elsewhere.

15. Upon information and belief, Defendant recently began advertising, offering for sale, and selling, in the United States and elsewhere, a line of skin care products under the name "System 9" in containers that are virtually identical in appearance to Plaintiff's containers ("the Copycat Trade Dress"). Photographs of the System 9 products are attached hereto as Exhibit F. Plaintiff has never authorized use of its Trade Dress by Defendant, and Plaintiff has no control over the quality of the goods of Defendant.

16. Defendant's System 9 products have been advertised and featured in industry magazines such as "Cosmetics & Toiletries" magazine, and "Spa Management" (See Exhibit F attached hereto.)

17. Active Organics and Immanence are competitors in the sale of professional skin care products.

18. Upon information and belief, Defendant's present and targeted customer bases overlap materially with Plaintiff's present and targeted customer bases. Upon information and belief, Defendant's present and targeted channels of trade overlap materially with Plaintiff's present and targeted channels of trade.

19. The Immanence Copycat Trade Dress is confusingly similar to the Active Organics Trade Dress created by Plaintiff. The Copycat Trade Dress containers of Defendant's

System 9 products and Plaintiff's syringe design containers leave an identical impression in the minds of consumers.

20. Defendant's continued manufacture, marketing, and sale of System 9 products using the Copycat Trade Dress is intended to and is likely to cause confusion among consumers, and/or to cause mistake or to deceive the consuming public into believing that Defendant's System 9 products are affiliated, connected, or associated with Plaintiff, or that Defendant's System 9 products are sponsored or approved by Plaintiff, and/or to take advantage of Plaintiff's goodwill and reputation.

21. In addition, Defendant's manufacture, marketing, and sale of System 9 products and use of the Copycat Trade Dress will have the effect of weakening the consuming public's association of the Active Organics Trade Dress with Plaintiff and making Plaintiff's products less distinctive, thus diluting Plaintiff's rights in them.

22. Defendant's continued manufacture, marketing, and sale of System 9 products using the Copycat Trade Dress unjustly enriches Defendant at Plaintiff's expense and allows Defendant to trade on the goodwill and reputation of Plaintiff. The continued copying of Plaintiff's Active Organics Trade Dress constitutes bad faith, willful infringement, and willful dilution of Plaintiff's marks and the Active Organics Trade Dress.

23. Defendant has caused, and will continue to cause Plaintiff, its business, reputation, and goodwill, imminent and irreparable harm and damage for which there is no adequate remedy at law unless preliminary, and thereafter permanent, injunctive relief is granted by the Court. Because Defendant has engaged in the foregoing unlawful acts intentionally and in bad faith, Plaintiff is also entitled to recover enhanced monetary damages.

### COUNT I – False Designation of Origin, Trade Dress Infringement, and Unfair Competition Under Lanham Act Section 43(a)

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 of this complaint.

25. The foregoing acts of Defendant constitute false designation of origin, trade dress infringement, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. Defendant has used and continues to use derivatives and/or colorable imitations of Plaintiff's Trade Dress in direct competition with Plaintiff. Defendant has used and continues to use these derivatives and/or colorable imitations of Plaintiff's Trade Dress in connection with sales, offering for sale or distribution, advertising, and promotion of goods which are not the Plaintiff's products, in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods.

27. Defendant has deliberately misled and will continue to mislead purchasers, and prospective purchasers, as well as the public at large, to believe, contrary to fact, that Defendant's goods are manufactured, marketed, sponsored, endorsed by, or affiliated with Plaintiff. Defendant is unfairly competing with Plaintiff by trading on and disparaging Plaintiff's goodwill symbolized by the Active Organics Trade Dress.

28. Defendant's acts are a false description and representation that said goods are made by, sponsored by, and/or affiliated with Plaintiff. Said acts are in violation of 15 U.S.C. § 1125(a) in that Defendant has used, in connection with these goods, a false designation of origin and a false description and representation, including words, reproductions, and other symbols tending to falsely describe or represent the same, and has such goods enter interstate commerce.

29. By reason of the foregoing acts of Defendants, Plaintiff has sustained and continues to sustain substantial injury and damage. Defendant has unlawfully and wrongfully derived income and profits and has been unjustly enriched as a result of the foregoing acts. The foregoing acts of Defendant will cause Plaintiff irreparable harm, unless Defendant is enjoined.

30. As a direct and proximate result of the foregoing acts, Plaintiff has sustained and will continue to sustain irreparable damage and injury to its business, goodwill, reputation, and profits, in an amount not presently known. Plaintiff is entitled to a judgment constituting

Defendant's profits and any damages sustained by Plaintiff in consequence of the deliberate nature of the infringement by Defendant in an amount equaling three times said damages.

### COUNT II – Dilution Under Lanham Act Section 43(c)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 of this complaint.

32. The foregoing acts of Defendant constitute unlawful and intentional dilution of the Active Organics Trade Dress in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

33. By reason of the foregoing acts of Defendant, Plaintiff has sustained and continues to sustain substantial injury and damage. Defendant has unlawfully and wrongfully derived income and profits and has been unjustly enriched as a result of the foregoing acts. The foregoing acts of Defendant will cause Plaintiff continuing irreparable harm, unless Defendant is enjoined.

### COUNT III – Dilution Under the Texas Anti-Dilution Statute

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 of this complaint.

35. The foregoing acts of Defendant constitute unlawful and intentional dilution of the Active Organics Trade Dress in violation of the statutory law of Texas.

36. By reason of the foregoing acts of Defendant, Plaintiff has sustained and continues to sustain substantial injury and damage. Defendant has unlawfully and wrongfully derived income and profits and has been unjustly enriched as a result of the foregoing acts. The foregoing acts of Defendant will cause Plaintiff continuing irreparable harm, unless Defendant is enjoined.

## **Prayer For Relief**

WHEREFORE, Active Organics prays for the following relief:

A. A judgment that Defendant has falsely designated the origins of its goods, unfairly competed with Plaintiff, and infringed Plaintiff's right in and to the Active Organics Trade Dress, in violation of 15 U.S.C. § 1125(a); has diluted Plaintiff's Trade Dress in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code Ann. § 16.29; has engaged in infringement of Plaintiff's Trade Dress under the Texas registered mark infringement provisions of Tex. Bus. & Com. Code Ann. § 16.26; and otherwise injured Plaintiff;

B. A preliminary and thereafter a permanent injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) from directly, indirectly or otherwise:

    i. imitating, copying, or making unauthorized use of the Active Organics Trade Dress in connection with manufacturing, selling, offering to sell, advertising, marketing, or distributing, any products using Immanence's Copycat Trade Dress, or any element thereof;

    ii. competing unfairly with Plaintiff by trading on Plaintiff's goodwill and reputation, misappropriating Plaintiff's rights in the Active Organics Trade Dress, or diluting the distinctive quality of the Active Organics Trade Dress; and

    iii. using any false designation of origin or false description or performing any act that is likely to lead members of the public to believe that any product imported, distributed, marketed, or sold by Defendant is in any manner associated or connected with Plaintiff, or has the same source as any of Plaintiff's products;

C. An order directing Defendant to pay Plaintiff:

DA-163141 v1

   i. all of their revenue obtained from the wrongful use of the Immanence Trade Dress, pursuant to 15 U.S.C. § 1125(c)(2) and otherwise;

   ii. all monetary damages sustained and to be sustained by Plaintiff as a consequence of Defendant's unlawful conduct, including lost profits, and damage to reputation in an amount to be determined at trial, and three times the amount of these damages pursuant to 15 U.S.C. § 1125(c)(2); and

   iii. exemplary damages;

D. An order requiring Defendant to recall and deliver to Plaintiff all products bearing the Copycat Trade Dress;

E. An order requiring Defendant to deliver to Plaintiff all molds, matrices, plates and other paraphernalia used to manufacture containers constituting the Copycat Trade Dress;

F. That Defendant be required to pay Plaintiff's reasonable attorneys' fees, disbursements, and costs of this action; and

G. Such other and further relief as this Court may deem just and equitable.

Dated: August 25, 2005

Respectfully submitted,

By: _____
Warren R. Westberg
Texas State Bar No. 21213100
Attorney-in-Charge
Michael John Ramirez
Texas State Bar No. 00788238
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
Telephone: 214.939.4900
Facsimile: 214.939.4949
wwestberg@klng.com
mramirez@klng.com
Attorneys for Plaintiff